United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the FIFTH CIRCUIT**

No. 06-20265
Summary Calendar

CARTER DIBRELL,

Plaintiff-Appellant,

VERSUS

ERNEST HUBER; DELPHIA MILTON-TURNER,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

(4:04-CV-4854)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carter Dibrell ("Dibrell")
challenges the district court's grant of summary judgment

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing his 42 U.S.C. § 1983 claim against Defendants-Appellees Ernest Huber and Delphia Milton-Turner (collectively "Appellees").

Dibrell argued at the district court that Appellees, fellow teachers of his at McAdams Middle School in Dickinson Independent School District, violated his rights by: causing him to be constructively discharged from his teaching position; intentionally inflicting emotional distress upon him; interfering with his business relationships; and maliciously conspiring to institute a criminal prosecution against him.

The district court granted summary judgment in Appellees' favor based on Dibrell's failure to allege any violation of his constitutional rights. That is, Dibrell's claim was based on rights afforded to him by state law, not federal law, making a § 1983 claim improper.

Essentially for the reasons stated by the district court in its well-reasoned opinion, we affirm. Dibrell's sole argument on appeal is that the district court erred by characterizing his claim as a § 1983 claim. We

disagree. His complaint in one part stated: "This action arises under Title 42[,] U.S.C. § 1983 . . . ." It in a later part stated: "This is an action under Title 42[,] U.S.C. § 1983 . . . ." Additionally, in response to Appellees' summary judgment argument that Dibrell's claim was barred by state law, Dibrell reemphasized that he was alleging a federal cause of action under § 1983 that could not be barred by state law. Therefore, Dibrell's argument is unpersuasive.

In addition, even if we were to accept Dibrell's argument that he brought suit under state law, we would affirm for a different reason -- lack of jurisdiction. If Dibrell, a Texas citizen and resident, brought solely a state law claim against Appellees, who are both Texas citizens and residents, federal jurisdiction would not exist. *See* 28 U.S.C. §§ 1331, 1332.

Either way, we AFFIRM.

**AFFIRMED**.